## CHARLES BRAMEL v. JAMES BURDEN.

[Abstract Kentucky Law Reporter, Vol. 7—97.]

**Offer to Redeeem Land from Sale.**

> Where by agreement the owner of land has the right to redeem it from sale within a given time and he thereafter has the money and offers to redeem by paying the amount due and is not allowed to do so because more is demanded, such owner may force his right to redeem.

### APPEAL FROM ROBERTSON CIRCUIT COURT.

May 21, 1885.

OPINION BY JUDGE PRYOR:

While the age and condition of the appellee necessarily appeals to the sympathy of the chancellor under the circumstances of this case, unless his equitable right to redeem exists, his home must be surrendered for a mere nominal consideration. It is alleged in the answer that an agreement was entered into by which the appellee was to have another year to redeem the land, and while in the possession, the appellant, with a view of obtaining the possession from the appellee, rented the premises upon terms that recognized the appellee as the real owner. That after he got the possession he asserted claim to the land as purchaser and refused to comply with the contract and denied the right of appellee to redeem without paying him more than the purchase money and the interest allowed by statute. This contract is denied by appellant, but Elridge Kenton, in corroboration of this agreement, says that he heard

the appellant tell the appellee that he could take the land that year, make certain fencing and that if the appellee would pay him back the money within a year's time he would give up the land to him.

This witness does not recollect whether this conversation was the year in which the land was purchased or in the following year, but he further states that the appellee gave him the money or a part of it to redeem the land, and he (the witness) was to pay the balance. That he saw Bramel, the appellant, and offered to pay him the amount appellee told him to pay, which was over two hundred dollars. Appellant refused to take the money but wanted more. Appellee was present and told the witness not to pay him any more, that while he made no tender he had the money, a part of it in his hand, and was ready to pay the balance, and appellant told him he would not accept it unless he paid him all.

This conversation, the witness says, took place within the time appellee had the right to redeem. This witness was the sheriff of the county, and had no motive except to detail the facts occurring at the time. Appellant says they met to redeem the land, but that the sheriff refused to redeem unless the land was conveyed to him and contradicts in express terms the substance of what took place between himself and the sheriff, as the latter details it.

Appellant then proves or attempts to prove a surrender of the land of appellee to him and an agreement to pay two hundred and fifty dollars or more for the purpose of redeeming it.

This appellee was more than ninety years of age, and evidently unable to attend to his business transactions, both from his mental and physical condition. His deposition indicates clearly his incapacity to deal with men of business habits.

To deny the relief sought in this case would be to give to the appellant this old man's home for one fifth of its value, when there is positive proof by a disinterested party that he offered to redeem the land within the year and the appellant refused to receive the money. If this occurred after the year, he made no objection to the right to redeem, but insisted on having more money.

The land was sold for $145; the offer exceeded $200, and was rejected because not enough. Renders, the sheriff, says that it was within the year this offer was made, and the readiness and ability to pay then and there clearly shows that all that prevented it was the failure to pay more money than by law the appellant was en-

titled to receive.   Under the facts of this case the relief was properly
given.

Judgment *affirmed*.

*Wm. Lindsay, for appellant.*

*O. S. Deming, for appellee.*